This award sets forth no fact on account of which it ought to be set aside. If it was right to look into the affidavit which accompanies it that affidavit, instead of militating against it, furnishes the strongest reasons why it ought to stand. The plaintiff sold a tract of land to the defendant for which an older grant had issued, and whether the title under that (383) grant had been lost and acquired by the junior grantee by a seven years' uninterrupted possession had never been ascertained by a trial between the parties. The arbitrators were *Page 201 
at liberty and, I think, did right when they released the defendant from a contract for the purchase of land over the seller's title to which such a cloud was hanging; they were right in saying he should not be bound by a contract which would necessarily involve him in litigation. There is no evidence that he had any knowledge that the land was claimed by any other person than the plaintiff at the time of the purchase. I think the judgment of the Superior Court which set aside the award ought to be reversed and a judgment entered confirming it.